UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **OMNI ENVIRONMENTAL SOLUTIONS INC ET AL** | **CASE NO. 6:22-CV-05939** |
| **VERSUS** | **JUDGE S. MAURICE HICKS, JR.** |
| **IRONSHORE SPECIALTY INSURANCE CO** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

## MEMORANDUM ORDER

Before the Court is Plaintiffs' Motion to Compel AIG Specialty Insurance Co. to Provide Deposition Testimony on Topic Nos. 1 through 8 and 23. (Rec. Doc. 90). AIG Specialty Insurance ("AIG") opposed the motion (Rec. Doc. 96), and Plaintiffs replied. (Rec. Doc. 97). The Court conducted a telephone hearing on September 9, 2025. Considering the evidence, the law, and the written and oral arguments of the parties, it is ORDERED that Plaintiffs' Motion to Compel (Rec. Doc. 90) is GRANTED.

### Facts and Procedural History

Plaintiffs filed their Petition for Declaratory Judgment and Damages against Ironshore in the 15th Judicial District Court, Parish of Lafayette, on August 1, 2022. (Rec. Doc. 1-2). AIG Specialty Insurance Company ("AIG") was not named as a defendant in Plaintiffs' Petition. Plaintiffs filed their first Amended and Supplemental Petition for Declaratory Judgment and Damages against Ironshore in

the 15th Judicial District Court on October 27, 2022. (Rec. Doc. 1-3). AIG was again not named a defendant. On November 10, 2022, Ironshore filed a Notice of Removal removing the action to this Court. (Rec. Doc. 1). Plaintiffs filed a Second Amended and Supplemental Complaint adding AIG as a defendant on August 9, 2024. (Rec. Doc. 36).

In their Motion to Compel, Plaintiffs seek an order to compel AIG to provide deposition testimony on:

1. AIG's advertisement and marketing materials regarding AIG CPL Policies, but only to the extent such advertisement and marketing materials relate to the terms, conditions, and provisions identified in Topic 2 (a) through 2 (h) below.

2. AIG's understanding of and intent regarding the following provisions of the 2018 and 2020 AIG Policies:

    a. the definition of "Covered Operations";
    b. the definition of "Claim";
    c. the definition of "Clean-Up Costs";
    d. the provisions of Coverage A;
    e. the CPL SPECIALTY TRADE PROTECT® ENDORSEMENT;
    f. the SEPARATE DEFENSE EXPENSE LIMIT ENDORSEMENT
    g. the BROAD NAMED INSURED ENDORSEMENT; and
    h. the exclusions cited in AIG's August 19, 2021 Letter and AIG's January 13, 2022 Letter

3. The specimen insurance policy forms, exclusions, limitations, and endorsements available to AIG for use in an AIG CPL Policy to exclude or limit coverage Regarding underground storage or disposal of any type, including, but not limited to, any endorsements available to AIG when the 2018 and 2020 AIG policies were issued to exclude or limit coverage for non-owned disposal sites.

4. The drafting history and marketing and advertisement of the CPL SPECIALTY TRADE PROTECT® ENDORSEMENT, AIG's understanding of and intent regarding the terms, conditions, and provisions therein, and why such endorsement was included in the 2018 and 2020 AIG Policies.

5. AIG's underwriting guidelines applicable to 2018 and 2020 AIG Policies.

6. AIG's underwriting of the 2018 and 2020 AIG Policies.

7. AIG's knowledge of the operations performed by any Named Insureds under the 2018 and 2020 AIG Policies before AIG issued AIG's August 19, 2021 Letter and AIG's January 13, 2022 Letter.

8. The premiums charged by AIG for the 2018 AIG Policy and the 2020 AIG Policy.

…

23. The reserves, and any changes thereto, AIG has set for the Insurance Claim

Plaintiffs contend that these discovery requests are relevant to the parties' claims and defenses, proportional to the needs of the case, and not unduly burdensome. (Rec. Doc. 90).

AIG maintains that the requested "evidence is not discoverable because it is not relevant or reasonably calculated to lead to discovery of admissible evidence." (Rec. Doc. 96, p. 1). Specifically, AIG contends that "the requested information amount[s] to parol evidence regarding the meaning of unambiguous policy terms, conditions, and exclusions," is inadmissible at trial, and thus not discoverable. (*Id*. at pp. 1-5).

## Law and Analysis

Pursuant to Fed.R.Civ.P. 26(b)(1), a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense…." A relevant discovery request seeks information that is "either admissible or 'reasonably calculated to lead to the discovery of admissible evidence.'" *McLeod Alexander, Powel & Apffel, P.C. v. Quarles,* 894 F.2d 1482, 1484 (5th Cir.1990)(citing Fed.R.Civ.P. 26(b)). According to Rule 26(b)(2), the scope of discovery is not without limits, and the Court may protect a party from responding to discovery when: "(i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit…."

In pertinent part, Plaintiffs allege that AIG wrongfully denied its duty to defend and indemnify Plaintiffs. (*See* Rec. Doc. 36). Plaintiffs point to AIG's denial letter wherein AIG contended that "[Plaintiffs'] operations do not fall within the Covered Operations insured by the Policy because they are not performed for a third party, tied to a client, or 'at' job site. Therefore, there is no coverage available to Omni under the Policy… Because there is no coverage available, there is no duty to defend Omni against the Claimants' allegations." (Rec. Doc. 90-7). Specifically,

Plaintiffs allege that: (1) AIG improperly denied its duty to defend and continues to deny its duty to defend even though AIG knew and still knows there was a possibility of coverage triggering its duty to defend; (2) AIG violated its duty under Louisiana law to settle Plaintiffs' claim in good faith; and (3) AIG violated its affirmative duty under Louisiana law when it performed little to no investigation into the Plaintiffs' potential liability to the Fleners, the worth of the Fleners' claims, and the bases for the Plaintiffs' potential liability to the Fleners. (Rec. Doc. 36).

According to Plaintiffs, the testimony they "seek is certainly relevant to the claims and defenses of the parties' in the instant lawsuit" and argue that they "are entitled to obtain discovery which might tend to show that AIG's position is incorrect, that AIG knew what operations it was insuring…" (Rec. Doc. 97-3, p. 4). Given the broad scope of discovery, this Court agrees and finds that Plaintiffs' proposed topics are within the parameters of the Federal Rules of Civil Procedure and reasonably calculated to lead to the discovery of admissible evidence.

## Conclusion

For the reasons discussed herein and at the September 9, 2025 telephone hearing, Plaintiffs' Motion to Compel (Rec. Doc. 90) is GRANTED. AIG shall designate a corporate witness to provide deposition testimony on the company's knowledge of the requested topics.

THUS DONE in Chambers, Lafayette, Louisiana on this 9th day of September, 2025.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE